UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOPHONIE AZOR, | : CIVIL ACTION NO. |
| Plaintiff, | : |
| v. | : **JURY TRIAL DEMANDED** |
| SENIOR PHILANTHROPY OF WESTPORT, LLC D/B/A WESTPORT REHABILITATION COMPLEX | : |
| | : MAY 12, 2021 |
| Defendant. | : |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act Amendments Act (ADAAA), 42 U.S.C. § 12101 et seq; Conn. Gen. Stat. §31-290a; and Connecticut State Law.

2. The jurisdiction of this court is founded upon 28 U.S.C. §1331 (federal question) and the provisions of 28 U.S.C. §1343.

3. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district and Plaintiff resides in this district.

4. Supplemental jurisdiction over Plaintiff's supplemental state law claims are invoked pursuant to 28 U.S.C. §1367 as the claims arise out of the same transaction and occurrences as Plaintiff's federal claims.

5. Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. §1988.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC) on February 25, 2021.

## PLAINTIFF

7. The Plaintiff, Sophonie Azor ("Azor" or "Plaintiff") is a natural person and resident of the State of Connecticut.

## DEFENDANT

8. The Defendant, Senior Philanthropy of Westport LLC D/B/A Westport Rehabilitation Complex ("WRC") is a foreign corporation organized under the laws of Connecticut, is registered to conduct business within the State of Connecticut, and conducts substantial business in the State of Connecticut, doing business as 1 Burr Road, Westport, CT 06880, Connecticut, where Plaintiff was employed.

## FACTUAL ALLEGATIONS

9. Azor had been a dedicated employee of WRC since July 2, 2018.

10. During this time Azor continually showed loyalty, hard work, honesty, and various other attributes that made her a valuable Certified Nursing Assistant ("CNA").

11. Azor satisfactorily performed her work since 2018 — no write-ups, no poor performance reviews, and no disciplinary reprimands.

12. Then, on October 27, 2018, Azor, unfortunately, injured her back while working, causing her to suffer extreme lower back pain.

13. Azor then filed a claim with the State of Connecticut, Worker's Compensation Commission, due to her back injury.

14. On November 9, 2018, Azor informed WRC that she had been cleared to return to work, full-time, on December 13, 2018, with only a light-duty restriction — as an accommodation due to her physical disability.

15. Azor worked light duty as required by her doctor.

16. Thereafter, Azor continued to work through the pain and submitted an updated doctor's note from her physician, Scott Simon, MD.

17. Azor's January 28, 2019 doctor's note again stated that she was permitted to work light duty with a 5 lb lifting restriction.

18. On February 5, 2019, Azor's doctor updated her disability lifting restriction and cleared her to return to work "Full duty."

19. Upon receiving Azor's new doctor's note, Defendant's Administrator, Evelyn Hackman ("Hackman"), stated to Azor, "we cannot keep paying you for light duty."

20. At this time, Azor had only been on light duty for a couple of months. This short period of time would not have been unduly burdensome for WRC to continue to accommodate her.

21. The very next day, following Azor's February 5, 2019 accommodation request, on February 6, the Administrator, Hackman, frustrated with her need for an accommodation, retaliated and removed Azor from the schedule completely, changing her employment status from part-time to a per-diem employee, and then never contacted her again for another work shift.

22. This was a polite way to terminate Azor's employment.

23. WRC denied Azor a light-duty accommodation, taking away her vacation time, and health benefits — without ever engaging in the required ADAAA mandated 'interactive process.'

24. Azor was never contacted by Hackman, her Administrator, or anyone else at WRC since being intentionally removed from the schedule on February 5, 2019.

## COUNT ONE

### DISABILITY DISCRIMINATION, IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT

25. Plaintiff hereby incorporates Paragraphs 1-24, with the same force and impact as if fully set forth herein.

26. Plaintiff's back injury qualifies as a disability within the definitions of the ADAAA.

27. Despite being fully informed about Plaintiff's ADAAA disability, Defendant failed to engage in the mandatory "interactive process" to determine how to accommodate her known disability.

28. Instead, Plaintiff was outwardly discriminated against, treated disparately, and ultimately wrongfully terminated because of her disability.

29. Defendant treated Plaintiff in a disparate manner in the terms and conditions of her employment based upon her disability, including, but not limited to the following:

    a) Terminating the Plaintiff's employment on February 5, 2019, fully aware of her physical disability;

    b) Failing to engage in the ADAAA mandated "interactive process"; and

    c) Failing to accommodate Plaintiff's known disability.

30. As a result of her wrongful discharge, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

31. Plaintiff seeks compensatory and punitive damages for Defendant's misconduct.

## COUNT TWO

### PERCEIVED DISABILITY DISCRIMINATION, IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT

32. Plaintiff hereby incorporates Paragraphs 1-31, with the same force and impact as if fully set forth herein.

33. Defendant treated Plaintiff in a disparate manner in the terms and conditions of her employment based upon her perceived disability, including, but not limited to the following:

    a) Terminating the Plaintiff's employment on February 5, 2019, fully aware of her physical disability;

    b) Failing to engage in the ADAAA mandated "interactive process"; and

    c) Failing to accommodate Plaintiff's known disability.

34. As a result of her wrongful discharge, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

35. Plaintiff seeks compensatory and punitive damages for Defendant's misconduct.

## COUNT THREE

### FAILURE TO ACCOMMODATE,
### IN VIOLATION OF THE VIOLATION OF THE ADAAA

36. Plaintiff incorporates paragraphs 1-24, with the same force and impact as if fully set forth herein at length.

37. Plaintiff suffers from a back injury, an ADAAA covered disability.

38. Defendant failed to accommodate the Plaintiff's known disability, by, among other things:

    (a) Failing to engage in the 'interactive process,' despite knowing of Plaintiff's disability;

    (b) Failing to accommodate Plaintiff's disability; and

    (c) Terminating Plaintiff's employment on February 5, 2019.

39. As a result of her wrongful discharge, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

40. Plaintiff seeks compensatory and punitive damages for Defendant's misconduct.

## COUNT FOUR

### RETALIATION,
### IN VIOLATION OF THE VIOLATION OF THE ADAAA

41. Plaintiff incorporates paragraphs 1-24, with the same force and impact as if fully set forth herein at length.

42. Among other factors that motivated Defendant's termination of Azor was retaliation due to her requests for an accommodation.

43. As a result of her wrongful discharge, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

44. Plaintiff seeks compensatory and punitive damages for Defendant's misconduct.

### COUNT FIVE

### WORKERS COMPENSATION RETALIATION, IN VIOLATION OF CONN. GEN. STAT. 31-290A

45. Plaintiff hereby incorporates paragraphs 1-24 with the same force and impact as if fully set forth herein.

46. On October 27, 2018, Azor, injured her back while working, causing her to suffer extreme lower back pain.

47. As a result, Azor filed a claim with the State of Connecticut, Worker's Compensation Commission, due to her back injury.

48. Defendant's termination of Plaintiff was motivated by its retaliation against her for exercising her protected rights under Connecticut's worker's compensation statute.

49. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages, including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

50. Plaintiff is seeking damages as a result of Defendant's willful and wanton misconduct.

**PRAYER FOR RELIEF**

Wherefore the Plaintiff prays that this court award:

1. Money damages;

2. Costs;

3. Punitive damages, attorney fees, and expert witness fees;

4. Pre-judgment interest

5. Trial by jury; and

6. Such other relief as the Court deems just, fair, and equitable.

THE PLAINTIFF,
SOPHONIE AZOR

By: _____/s/_____
Michael C. McMinn (#ct27169)
**THE MCMINN EMPLOYMENT LAW FIRM, LLC**
1000 Lafayette Blvd., Suite 1100
Bridgeport, CT 06604
Tel: (203) 683-6007
Fax: (203) 680-9881
michael@mcminnemploymentlaw.com

*COUNSEL FOR PLAINTIFF*